## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DAVEION PERRY,** | ) | **CASE NO. 1:18 CV 2575** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHARMAINE BRACY,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

*Pro se* Petitioner Daveion Perry has filed a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2254, challenging his 2016 convictions in the Cuyahoga County Court of Common Pleas for aggravated murder, aggravated robbery, kidnaping, felonious assault, breaking and entering, obstructing official business, and tampering with evidence. (Doc. No. 1.)

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the Petition must be dismissed. An application for a writ of *habeas corpus* under § 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. §2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*).

The Petition on its face indicates that the four grounds the Petitioner seeks to assert have not been fully exhausted in the Ohio courts.  Rather, the Petition indicates all of the Petitioner's claims are "still pending" before the state appellate courts.  (*See* Petition at ¶¶ 12, 13.)

In that the Petitioner indicates he has not fully exhausted his state remedies, his Petition is premature.  The Petition is therefore dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to re-filing after the claims asserted have been fully exhausted.  The Petitioner's Motion for a Stay and Abeyance (Doc. No. 3) filed on November 26, 2018 is denied.  The Petition indicates that no asserted claims are exhausted; therefore, the Petition is not mixed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE